```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

_____
                                   :
UNITED STATES OF AMERICA           :
                                   :
     v.                            :    Crim. No. 19-677 (NLH)
                                   :
RAJERI CURRY,                      :    OPINION and ORDER
             Defendant             :
_____:

**HILLMAN, District Judge**

    This matter comes before this Court by way of a Motion for Pretrial Release [ECF No. 36] filed by Defendant Rajeri Curry (hereinafter, "Defendant".)  For the reasons set forth herein, the Court will deny the motion.

    Defendant is currently awaiting trial on multiple drug-related charges: conspiracy to distribute heroin and fentanyl, possession with intent to distribute heroin, and distribution and possession with intent to distribute heroin and fentanyl resulting in death. See ECF No. 14.  At both her March 2019 initial appearance before Magistrate Judge James B. Clark III and her October 2019 arraignment before this Court, Defendant consented to pre-trial incarceration, as she was already being held by the State of New Jersey on unrelated charges. See ECF Nos. 5, 17.  Defendant filed the instant motion in April 2020 after being transferred to federal custody. See ECF No. 36.

Pre-trial detention and release therefrom are governed by the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156.  Pre-trial detention may occur only if a court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).  The Government bears the burden of proof, which differs depending on the rationale for detention – i.e., whether the individual is a flight risk or a danger to the community. See United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986).  The Government's burden in demonstrating risk of flight is the preponderance of the evidence standard, while a danger to the community determination must be supported by clear and convincing evidence. Id.  The statute specifies that probable cause to believe that an individual committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3).

In this case, Defendant has been indicted by a federal grand jury on three counts, including one – drug distribution resulting in death - for which, if convicted, she is subject to

a mandatory minimum term of twenty years' imprisonment and a maximum term of life imprisonment. See 21 U.S.C. § 841(b)(1)(C). These charges create the rebuttable presumption.

In determining whether pre-trial release is appropriate, the Court must consider "the nature and circumstances of the offense[s] charged," "the weight of the evidence", and the defendant's "history and characteristics." See 18 U.S.C. § 3142(g).

In terms of the nature and circumstances of the offenses charged, as discussed above, Defendant is charged with multiple drug trafficking offenses, including distribution resulting in death. These are serious charges and, if convicted, Defendant faces a lengthy term of incarceration. Moreover, Defendant allegedly committed these offenses while awaiting trial on multiple state drug-related offenses.

In terms of the weight of the evidence, the Government represents that the evidence it is prepared to marshal against Defendant include: drugs recovered from Defendant's residence and personal effects; matching drugs recovered from Victim's vehicle; Defendant's phone records concerning drug transactions; surveillance video capturing apparent drug transaction between Defendant and Victim; autopsy report identifying Victim's cause of death; and identification of Defendant as Victim's drug supplier by Victim's family member. The weight of the

Government's evidence against Defendant appears overwhelming and more than sufficient to meet the high standard of proof beyond a reasonable doubt.

In terms of history and characteristics, Defendant is likely to be a career offender under the United States Sentencing Guidelines, with multiple drug-related convictions as an adult (beginning in 2008) and a substantial juvenile delinquency record.  Defendant's record also includes multiple instances of committing drug-related offenses while on probation or released on bail.  Indeed, as mentioned supra, Defendant allegedly committed the offenses charged in the current Indictment while awaiting trial on state charges.

Given the Defendant's long history of involvement in the drug trade, even when under conditions of court supervision, this Court has good reason to believe that she has both access to narcotics and a continued ability and willingness to traffic them.  If a jury believes the Government's proffered evidence, Defendant's involvement in this trade has already resulted in at least one death.  The Court finds that Defendant has failed to rebut the presumption that arises from the charged offenses that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  In the alternative, the Government has proffered clear and convincing evidence that

there are no condition or combination of conditions that will reasonably assure the safety of the community.  Additionally, given that Defendant faces a mandatory minimum of twenty years in prison, the overwhelming weight of the evidence and Defendant's poor adjustment to Court supervision in the past, the Court finds that she presents a risk of flight.

    **THEREFORE**

    IT IS on this **29th** day of **June**, 2020,

    **ORDERED** that Defendant's Motion for Pretrial Release [ECF No. 36] be, and hereby is, **DENIED**.

At Camden, New Jersey                                      s/ Noel L. Hillman
                                                                NOEL L. HILLMAN, U.S.D.J.