FILED
March 11, 2021
At: 4:30 p.m.
William T. Walsh
Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IN RE:  VIDEO CONFERENCING  AND           :
TELECONFERENCING FOR CRIMINAL             :
PROCEEDINGS UNDER THE CARES ACT           :       **STANDING ORDER 2021-03**
(FOURTH EXTENSION OF AMENDED              :
STANDING ORDER 2020-06)                   :

**WHEREAS**, on March 13, 2020, a national emergency was declared under the National Emergency Act, 50 U.S.C. § 1601, *et. seq.*, in light of the COVID-19 pandemic, and on February 24, 2021, President Biden continued the national emergency, citing the continuing, significant risk to the public health and safety of the nation from the COVID-19 pandemic; and

**WHEREAS**, on March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events, during the course of the COVID-19 emergency, *see* The CARES Act, H.R. 748, pursuant to certain findings by the Judicial Conference of the United States; and

**WHEREAS**, on March 29, 2020, the Judicial Conference found that emergency conditions, consistent with the national emergency declared with respect to COVID–19, will materially affect the functioning of the federal courts ("Judicial Conference's finding"), and the Judicial Conference has not terminated that finding; and

**WHEREAS**, on March 30, 2020, pursuant to Sections 15002(b)(1) and (b)(2) of the CARES Act, as Chief Judge, I found that criminal proceedings, and specifically, felony pleas and felony sentencings, could not be conducted in person without seriously jeopardizing public health and safety, and therefore entered Standing Order 2020-06, authorizing the use of video and telephone conferencing in criminal proceedings in conformance with the CARES Act; and

**WHEREAS**, on April 2, 2020, Standing Order 2020-06 was amended to provide a reminder of the prohibition against photographing, recording, livestreaming on the internet and rebroadcasting of court proceedings, consistent with Rule 53 of the Federal Rules of Criminal Procedure; and

**WHEREAS**, Section 15002(b)(3) of the CARES Act requires that the authorization of the use of video and telephone conferencing in criminal proceedings be reviewed at least once every 90 days to determine if it should be extended, based upon findings set forth in the CARES Act, and therefore, as Chief Judge, I determined on June 28, 2020, September 23, 2020, and December 17, 2020, that the authorization should be extended and entered the Extension of Amended Standing Order 2020-06, the Second Extension of Amended Standing Order 2020-06, and the Third Extension of Amended Standing Order 2020-06, respectively; and

**WHEREAS**, this Court's authorization of the use of video and telephone conferencing in criminal proceedings, in accordance with the CARES Act, is due to be reviewed anew within 90 days of the December 17, 2020 Third Extension of Amended Standing Order 2020-06, or by March 17, 2021; and

**WHEREAS,** New Jersey, and indeed, the entire United States, continue to suffer from the crippling effects of COVID-19; and

**WHEREAS**, the findings outlined in the Third Extension of Amended Standing Order 2020-06, regarding enhanced risks of in-person proceedings to defendants, the population of detention centers, and to court participants, and regarding detention centers' policies requiring quarantining and limiting in-person meetings with legal counsel, have continued relevance now; and

**WHEREAS**, due to the continuing effects of COVID-19, this Court finds it imperative to enter the Extension of Standing Order 2021-02, suspending all in-person proceedings in this District, including criminal proceedings, through June 1, 2021, except that, as of April 5, 2021, when a defendant does not consent to proceed via video or teleconference for an initial appearance, arraignment, plea or sentencing, the proceeding shall be held in person; and

**WHEREAS**, despite the current availability of approved COVID-19 vaccines to certain populations, including those in detention centers, vaccine availability to defendants' legal counsel, federal judiciary staff, employees of the United States Attorney's Office and the Federal Public Defender's Office, and others involved in criminal proceedings in this Court is limited, based upon the New Jersey COVID-19 Vaccination Plan, and may remain so for some time, and therefore, it is still necessary to abide by strict mitigation protocols to prevent the spread of COVID-19 while vaccine distribution continues; and

**WHEREAS**, the afore-mentioned national emergency declaration and the Judicial Conference's finding accordingly remain in effect; and

**WHEREAS**, I further find that the above-mentioned enhanced risks and conditions are expected to exist for all or substantially all of the period of time covered by this Order, and that video and teleconference proceedings held pursuant to the Court's prior Orders have been effective and have substantially furthered the ends of justice and have substantially avoided causing serious harm to the interests of justice, particularly as to the interests of the defendants who have consented to the same; and

**WHEREAS**, I, as Chief Judge, find, pursuant to Section 15002(b)(1) of the CARES Act, that due to the continuing effects of COVID-19, criminal proceedings still cannot be conducted in person without seriously jeopardizing public health and safety, and that pursuant to Section 15002(b)(2) of the CARES Act, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure also cannot be conducted in person in this Court without seriously jeopardizing public health and safety; it is hereby

**ORDERED**, pursuant to Section 15002(b)(3) of the CARES Act, that the authorization in Amended Standing Order 2020-06 of the use of video and telephone conferencing in criminal proceedings is further extended for an additional 90 days from the date of this Order, unless this Order is terminated or vacated prior to such date according to the procedures set forth in the last paragraph of this Order; and it is further

**ORDERED** that, in lieu of personal appearance, and with the consent of the defendant after consultation with counsel, video conferencing, or telephone conferencing if video conferencing is not reasonably available, is continued to be authorized for all events listed in Section 15002(b) of the CARES Act, including the ten criminal proceedings enumerated in the Second Extension of Amended Standing Order 2020-06; and it is further

**ORDERED** that if a judge in an individual case finds, for specific reasons, that any felony plea or felony sentencing, or any equivalent plea and sentencing, as well as proceedings under the Federal Juvenile Delinquency Act, cannot be further delayed without serious harm to the interests of justice, then, with the consent of the defendant, or the juvenile, after consultation with counsel, the plea, sentencing or any equivalent proceeding, may be conducted by video conference, or by telephone conference if video conferencing is not reasonably available; and it is further

**ORDERED** that if, 90 days from the date of this Order, the emergency declaration remains in effect, along with the Judicial Conference's finding that the emergency conditions will materially affect the functioning of the federal courts, the Chief Judge shall review the authorization described in Amended Standing Order 2020-06 and determine whether it shall be further extended.  Pursuant to Section 15002(b)(3)(A) of the CARES Act, such review will occur at least once every 90 days, until the last day of the covered emergency period, or until the Chief Judge determines that the authorization is no longer warranted.  Should the above-referenced emergency declaration or the Judicial Conference's finding terminate or be revoked prior to the expiration of 90 days from the date of this Order, then this Order may then be vacated according to law.

DATED:  March 11, 2021

Hon. Freda L. Wolfson
U.S. Chief District Judge
District of New Jersey