```
               3UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:19-CR-00677-NLH |
| v. | |
| RAJERI CURRY | OPINION |

**APPEARANCES**:

CATHERINE RISDON MURPHY
LAUREN ELIZABETH REPOLE
HEATHER SUCHORSKY
SHONTAE DENISE GRAY
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
NEWARK, NJ 07102

   *On behalf of the Government.*

GILBERT J. SCUTTI
LAW OFFICE OF GILBERT J. SCUTTI
31 STATION AVENUE
SOMERDALE, NJ 08083

   *On behalf of Rajeri Curry.*

**HILLMAN**, **District Judge**

Before the Court are defendant Rajeri Curry's motions for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a) and 29(c) (ECF 139, 154). For the reasons expressed below, both motions will be denied.

**BACKGROUND**

The instant motions stem from an indictment filed against Rajeri Curry that contained three counts. (ECF 14). Count I alleged that Ms. Curry conspired to distribute heroin and fentanyl in violation of 21 U.S.C. § 846. (Id.) Count II alleged that she possessed heroin with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Id.) Count III alleged distribution and possession with intent to distribute heroin and fentanyl and that such distribution resulted in the serious bodily injury and death of another person under 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Id.)

The Court held a jury trial on all three Counts. At the close of the Government's case, Ms. Curry moved for a judgment of acquittal under Rule 29(a) as to Counts I and III in the indictment.[1] With respect to Count III, Ms. Curry particularly sought to dismiss the cause of death component of the charge. (See id.) The Court reserved judgment on the motion pending a verdict from the jury pursuant to Rule 29(b). (Id. at 706:22-707:5).

After the close of trial, the jury rendered a verdict of

---

[1] Ms. Curry also initially stated that she was moving on Count II as well. (See Nov. 1, 2021 Trial Tr., ECF 139, at 697:10-13). However, Ms. Curry later clarified that that was simply a "pro forma matter" and that the motion was centered on "the conspiracy count [and] the second special interrogatory [for Count III]." (See id. at 698:7-21).

2

guilty as to Counts I and II but was unable to reach a unanimous verdict on Count III.  (ECF 152).  Ms. Curry, thereafter, renewed her motion for a judgment of acquittal.  (ECF 154).  In the renewed motion, Ms. Curry only seeks relief with respect to Count I.  (Id.)  The Government opposes both motions.[2]

(ECF 139, 155).

## DISCUSSION

In deciding a Rule 29 motion, the Third Circuit has instructed that "'[i]t is not for [this Court] to weigh the evidence or to determine the credibility of the witnesses.'" United States v. Dent, 149 F.3d 180, 187 (3d Cir.1998) (quoting United States v. Voight, 89 F.3d 1050, 1080 (3d Cir.1996)). Instead, this Court "must view the evidence in the light most favorable to the government" and deny the motion "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks and citations omitted).  Indeed, "[t]he evidence need not be inconsistent with every conclusion save that of guilt, so long as it establishes a case from which a jury could find the

---

[2] In light of the hung jury, the Court declared a mistrial on Count III.  On February 3, 2022, the Government confirmed by letter that it would not seek to retry the Defendant on Count III if the jury verdicts on Counts I and II were undisturbed. (ECF 163).

3

defendant guilty beyond a reasonable doubt." United States v. Carr, 25 F.3d 1194, 1201 (3d Cir.1994).  Accordingly, a sufficiency of the evidence claim imposes a "very heavy burden" on the defendant.  See Dent, 149 F.3d at 187; Carr, 25 F.3d at 1201.  Courts have held that motions for judgment of acquittal brought under Rule 29(a) and Rule 29(c) are decided under the same standard.  See United States v. Ferriero, No. CR 13-592 (ES), 2015 WL 7737341, at *3 (D.N.J. Dec. 1, 2015), aff'd, 866 F.3d 107 (3d Cir. 2017) (applying the same standard for 29(a) and 29(c)); see also United States v. Funzie, No. 09-20220, 2011 WL 13128852, at *2 (W.D. Tenn. Dec. 8, 2011), aff'd, 543 F. App'x 545 (6th Cir. 2013) ("Courts apply identical standards to motions brought under subsections (a) or (c)."); United States v. Richardson, No. 09-CR-874 JFB, 2012 WL 2879912, at *1 (E.D.N.Y. July 13, 2012), aff'd sub nom. United States v. Leitch, 556 F. App'x 29 (2d Cir. 2014) ("Motions under Rule 29(c) are governed by the same standard as motions under Rule 29(a). Pursuant to Rule 29(a)[.]")

The crux of both the motion under Rule 29(a) and the motion under Rule 29(c) is whether the Government proffered sufficient evidence of a conspiracy to meet its burden.  Specifically, Ms. Curry argues that the Government has done no more than show a buyer-seller relationship between her and Al-Tariq Brown, and later, Shadee Brown, Al-Tariq's brother.  (ECF 154-1 at 7).  In

4

support of her argument, Ms. Curry points to the Third Circuit's directives on how to distinguish a buyer-seller relationship from a conspiracy in the context of a drug transaction in United States v. Gibbs, 190 F.3d 188, 195 (3d Cir. 1999).  The Third Circuit stated that the government may prove the existence of a conspiracy through circumstantial evidence, but that, "[i]t is well-settled that a simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is insufficient to establish that the buyer was a member of the seller's conspiracy."  Id. at 197.  Where a defendant's only involvement in the alleged conspiracy is drug purchases, a court must look to factors like the length of time the defendant was affiliated with the conspiracy, whether there is an established method of payment, whether the transactions are standardized, whether there is a level of "mutual trust" between the defendant and the co-conspirators, and whether the drug transactions involved large quantities of drugs. (Id. at 199).

The key pieces of evidence that form the basis of this dispute are text message chains between Ms. Curry and here alleged co-conspirators.  Ms. Curry contends that the Government has not met is burden as it has not pointed to any other persons in a distribution chain and that the evidence showed Ms. Curry had discretion on what, when, and how much to buy.  (ECF 154 at

5

9).  In addition, Ms. Curry contends that the language "All great now" used by the alleged co-conspirator when asked what the best variety of the drugs was is puffery that is inconsistent with the close relationship inherent in a true conspiracy.  (Id. at 9; October 27, 2021 Trial Tr., ECF 137, at 440:24- 441:2).  Ms. Curry also suggests that the fact that she initially only bought from Al-Tariq Brown and only started purchasing drugs from Shadee Brown after Al-Tariq's death undermines the Government's theory that she was involved in a conspiracy.  (ECF 154-1 at 7).

   The Government argues the contrary position, stating that the text messages in question show a long-term relationship of trust between Ms. Curry and both alleged co-conspirators and that the quantity of drugs that she purchased are indicative of a conspiracy.  (See generally ECF 155).  It also characterizes Ms. Curry's statements on the drugs in the texts, such as her statement that "all that shit rocking.  Keep it the recipe" constitutes feedback from her customers that she is sharing with conspiracy members upstream in the organization.  (Id. at 5; October 27, 2021 Trial Tr., ECF 137, at 440:24- 441:5).  On the point of a relationship of mutual trust, the government points to text messages between Ms. Curry and Shadee Brown following Al-Tariq's death where she told him, "I love you. Tommy I have the same love I had for Rich. He was a special man." (ECF 155 at

6

6; October 27, 2021 Trial Tr., ECF 137, at 440:7-13). Photographs introduced by the government in evidence showed the Defendant and Shadee Brown in t-shirts commemorating Al-Tariq's passing contemporaneous with Defendant's and Shadee's expression in text messages of their desire, interspersed with praise for Al-Tariq, to perpetuate the drug trafficking arrangement Defendant had with Al-Tariq.

The Court, after consideration of all of the factors set forth in Gibbs and the points made by Ms. Curry and the Government, will deny both motions. While the text messages in evidence do not specifically reference an established method of payment, the exact length of time she purchased drugs from her alleged co-conspirators, or a practice of Ms. Curry obtaining the drugs on credit, other facts support the jury's verdict of guilty as to Count I. Specifically, the evidence showed that Ms. Curry purchased drugs in large quantities too great for individual consumption. For instance, Officer Neal testified that Ms. Curry's May 29, 2018 text messages with Shadee Brown showed that she was purchasing 39 bricks of heroin. (October 27, 2021 Trial Tr., ECF 137, at 440:7-13). He also testified that her messages from March 20, 2018 showed her purchasing 105 bricks of heroin. (Id. at 454:1-18).

This quantity is multiple times too large for her personal consumption during those few months in 2018. Further, Ms.

Curry's statements to Shadee about Al-Tariq's passing even as she purchased more drugs from Shadee suggested a close personal relationship beyond that one would expect of an arms-length mere buyer and seller.  Her text to Shadee thanking him for treating her the same way that Al-Tariq did in the context of purchasing more drugs suggests a unity of purpose and a desire to continue a special bond.  (See id. 441:3-5).  Ms. Curry's argument that Ms. Curry purchased from Al-Tariq and only later Shadee Brown undermines the existence of a conspiracy is contrary to law.  It is well accepted that membership in an ongoing conspiracy can change without dissolving the original conspiracy or forming a new one.  United States v. Moten, 617 F. App'x 186, 191 (3d Cir. 2015).

    The language that Ms. Curry points to as puffery, where she is told that all varieties of the drugs are great, could cut either way, showing a salesman bluffing or perhaps a co-conspirator talking about market conditions in general.  The same is true of Ms. Curry's texts consoling Shadee for the loss of Al-Tariq: on the one hand it could a very close business relationship, but on the other it could show a longtime customer, not unsimilar to someone who buys their coffee from the same local shop every day and chats with the barista.  On the whole, though, the Court does not discern anything in the evidence to convince it that a reasonable jury could not have

8

found the essential elements of Count I beyond a reasonable doubt.  Voight, 89 F.3d at 1080.  In sum, the sheer volume of drugs, the feedback on quality, the Defendant's advanced knowledge of the price as opposed to a price dictated by Shadee Brown, the mutual agreement to keep things going on the original terms after Al-Tariq's passing, and the expression of personal affection and support between Shadee and Defendant all point to a mutually beneficial relationship toward a common goal far beyond a mere buyer and seller.  In light of the foregoing, the Court will deny Ms. Curry's motions for judgment of acquittal under Rule 29(a) and Rule 29(c) as to Count I.

    Finally, the Court will deny as moot Ms. Curry's motion for judgment of acquittal under Rule 29(a) as to Count III.  As noted above, the jury did not reach a verdict on that count and the Government has noted its intention to dismiss it.  Therefore, there is nothing further for the Court to consider regarding Count III.

## CONCLUSION

    For the reasons expressed above, Ms. Curry's motions for judgment of acquittal under Rule 29(a) and Rule 29(c) (ECF 139, 154) shall be denied.

    An appropriate Order will be entered.

Date: February 10, 2022        /s     Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.