UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAJERI CURRY | No. 1:19-CR-00677-NLH<br><br>**OPINION** |

**APPEARANCES:**

CATHERINE RISDON MURPHY
LAUREN ELIZABETH REPOLE
HEATHER SUCHORSKY
SHONTAE DENISE GRAY
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
NEWARK, NJ 07102

   *On behalf of the Government*

GILBERT J. SCUTTI
LAW OFFICE OF GILBERT J. SCUTTI
31 STATION AVENUE
SOMERDALE, NJ 08083

   *On behalf of Rajeri Curry*

**HILLMAN, District Judge**

Before the Court are Rajeri Curry's ("Defendant") motion for compassionate release, filed pro se, and motion for bail pending sentencing filed by counsel. (ECF 159, 164). For the reasons expressed below, the motions will be denied.

**BACKGROUND**

The instant motions stem from Defendant's conviction of

conspiracy to distribute heroin and fentanyl in violation of 21 U.S.C. § 846 and possession of heroin with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  On January 12, 2022, the Court received a handwritten letter from Defendant asking for compassionate release, ostensibly pursuant to the First Step Act as it amended 18 U.S.C. § 3582(c)(1)(A)[1].  (ECF 159).  That letter was followed up with a counseled motion requesting bail pending sentencing on February 9, 2022.  (ECF 164).  On February 10, 2022, the Court denied Defendants' then-pending motions for judgment of acquittal.  (ECF 166).

## DISCUSSION

Defendant's motion for bail is governed by 18 U.S.C. § 3143(a)(2).  The provision states:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>     (A)(i) the judicial officer finds there is a
>     substantial likelihood that a motion for acquittal or
>     new trial will be granted; or
>
>     (ii) an attorney for the Government has recommended

---

[1] The Court will summarily deny Defendant's motion for compassionate release.  18 U.S.C. § 3582(c)(1)(A) only applies to Defendants who have already been sentenced. United States v. Ahmad, 2021 WL 1300288, at *1 (D.N.J. Apr. 7, 2021) ("'[B]y its plain terms, Section 3582(c)(1)(A) applies only to those defendants who have begun serving their term of imprisonment at a BOP facility[.]'") (quoting United States v. Picardo, 2020 WL 6501730, at *2 (D.N.J. Nov. 5, 2020)).

2

>     that no sentence of imprisonment be imposed on the
>     person; and
>
>     (B) the judicial officer finds by clear and convincing
>     evidence that the person is not likely to flee or pose
>     a danger to any other person or the community.

18 U.S.C.A. § 3143(a)(2).

As a threshold matter, Defendant has been convicted of a crime within the meaning of 18 U.S.C. § 3142(f)(1)(C) which includes crimes "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46[.]" Id. Specifically, Defendant was convicted of: (1) conspiring with others to distribute heroin and fentanyl, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(C), in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1)(C).[2]

Further, given that the Court has already denied Defendant's motions for acquittal, § 3143(a)(2)(A)(i) is unavailing.  Second, the other statutory option, § 3143(a)(2)(A)(ii) requires an attorney from the government to have recommended that no sentence of imprisonment be imposed.

---

[2] Defendant cites to 18 U.S.C. § 3143(b)(B) for the proposition that an appeal would likely raise substantial issues of law that would result in reversal of her conviction. (ECF 164 at 2).  But that provision applies to defendants who have filed appeals, which Defendant has not done.

The Government has made clear, most recently in its opposition papers to the instant motion, that it is not making such a recommendation. (ECF 171 at 3).

Because Defendant does not meet either of the criteria under subsection (A), the Court is not required to consider whether Defendant is likely to flee or pose a danger to the community per § 3143(a)(2)(B).  The Court notes, though, that Defendant does not meet that criterion either.  In its Opinion denying Defendant's prior bail motion, the Court noted that "Defendant's record also includes multiple instances of committing drug-related offenses while on probation or released on bail." (ECF 43 at 4).  The Court also noted that it had "good reason to believe that she has both access to narcotics and a continued ability and willingness to traffic them." (Id.)  Nothing has changed since the Court issued that last Opinion to alter its view of the danger Defendant would pose to the community if released on bail.

## CONCLUSION

For the reasons expressed above, Defendants' motions for compassionate release and for bail (ECF 159, 164) shall be denied.  An appropriate Order will be entered.

Date: April 6, 2022              /s Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

4